**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| IRA B. HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17-CV-2562 NCC |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is petitioner Ira B. Harris' application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner is currently confined in the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. Because petitioner's application for writ of habeas corpus contains claims relating to two separate convictions, the Court will order petitioner to amend his application for relief to contain only his 2002 NGRI claims. In an abundance of caution, the Court will enter an Order of Partial Dismissal relating to his successive claims for relief as to his 1991 conviction.

### Background

In 1991, a jury found petitioner guilty of six counts of robbery in the first degree, three counts of armed criminal action, and one count of assault in the first degree. The trial court sentenced petitioner to concurrent terms of life for each count of robbery, forty years for each count of armed criminal action, and thirty years for assault in the first degree.

In 2001, petitioner was charged with assaulting a Department of Corrections Officer. In 2002, petitioner pled not guilty by reason of insanity ("NGRI") in the Circuit Court of Callaway County and was committed to the Department of Mental Health and placed in Fulton State

Hospital. Allegedly, petitioner was expelled from Fulton after a mere two weeks for threatening a staff member, and then returned to the prison population at ERDCC.

## Discussion

In the application for writ of habeas corpus presently before the Court, with its exhibits and supplemental filings[1], petitioner appears to be litigating his original 1991 conviction and sentence, asserting that he was incompetent to be tried and sentenced. The Court's records show, however, that petitioner has previously brought a § 2254 petition for writ of habeas corpus challenging his 1991 conviction. *See Harris v. Dormire*, No. 4:96-CV-2069 DJS (E.D.Mo.). The § 2254 action was dismissed on the merits, and the dismissal was upheld on appeal. *See Harris v. Dormire*, No. 00295 (8th Cir.).

Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because petitioner did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2254 application in this Court, the Court lacks authority to grant petitioner the relief he seeks relating to his 1991 conviction. To that end, if petitioner were only bringing claims relating to his 1991 conviction, the Court would be required to dismiss his complaint in its entirety for lack of jurisdiction.

However, the Court notes that interspersed in petitioner's application for relief[2] are grounds related to his 2002 Callaway County NGRI plea. Specifically, petitioner has asserted that he has an entitlement under the Callaway County order committing him following his NGRI

---

[1]Petitioner's motion for leave to supplement his petition will be denied as moot. [Doc. #6]
[2]These claims are interspersed within his petition and in his exhibits attached to his petition.

plea, as well as Mo. Rev. Stat. § 522.040[3], to remain in a mental institution as opposed to a prison.

The Court has reviewed Missouri.Case.Net and found that petitioner appears to have exhausted his state court remedies with respect to his claims. Additionally, his claims relating to his NGRI plea appear to be timely filed. Therefore, the Court will order petitioner to file an amended petition in this action relating only to his 2002 Callaway County plea.

In petitioner's amended application for writ, Harris must state exactly what grounds he is challenging in relation to the 2002 order committing him to the custody of the Department of Mental Health. In other words, petitioner must state whether he is challenging the denial of conditional or unconditional release, or whether he is challenging his commitment in the prison system instead of the Department of Mental Health.

If Harris is challenging the denial of release to the Department of Mental Health, he must articulate the facts that he believes entitle him to relief. Failure to comply with this Memorandum and Order will result in the dismissal of this entire case.

Last, the Court will address petitioner's request for counsel. At this point in time, petitioner has presented non-frivolous allegations in his application for relief. He has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Thus, the Court will deny the motion for counsel at this time. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

---

[3]Missouri allows civilly committed persons to apply for conditional release on a yearly basis. Mo. Rev. Stat. § 552.040.

**IT IS HEREBY ORDERED** that the Clerk of Court should provide petitioner a blank copy of a § 2254 application for filing a petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that petitioner shall file an amended application for writ of habeas corpus within thirty (30) days of the date of this Memorandum and Order containing only claims relating to his 2002 NGRI plea. Petitioner's amended application should be filed on the court-form.

**IT IS FURTHER ORDERED** that petitioner's claims relating to his 1991 conviction and sentence are **DENIED AND DISMISSED AS SUCCESSIVE. An Order of Partial Dismissal relating to these claims shall accompany this Memorandum and Order.**

**IT IS FURTHER ORDERED** that petitioner's application for copies of his exhibits [Doc. #5] is **DENIED**.

**IT IS FURTHER ORDERED** petitioner's motion for leave to supplement his petition [Doc. #6] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's request for appointment of counsel [Doc. #3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this  27th  day of November 2017.


    /s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**

**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement: | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____

    _____

    _____

    (b) Criminal docket or case number (if you know): _____

2.  (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: _____

3.  Length of sentence: _____

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ❑   No ❑

5.  Identify all crimes of which you were convicted and sentenced in this case: _____

    _____

    _____

    _____

    _____

6.  (a) What was your plea? (Check one)

    (1)    Not guilty ❑            (3)    Nolo contendere (no contest) ❑

    (2)    Guilty ❑                (4)    Insanity plea ❑

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or

    charge, what did you plead guilty to and what did you plead not guilty to?_____

    _____

    _____

    _____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ❑            Judge only ❑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ❑    No ❑

8. Did you appeal from the judgment of conviction?

Yes ❑    No ❑

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    Yes ❑    No ❑

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❑    No ❑

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ❏  No ❏

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❏   No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ❏   No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ❏  No ❏

    (7) Result: _____

    (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your

petition, application, or motion?

    (1)  First petition:        Yes ❏     No ❏

    (2)  Second petition:     Yes ❏     No ❏

    (3)  Third petition:       Yes ❏     No ❏

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

   <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your</u> <u>available state-court remedies on each ground on which you request action by the federal court.</u> <u>Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting</u> <u>additional grounds at a later date.</u>

**GROUND ONE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑   No ❑

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

   _____

   _____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?            Yes ❑   No ❑

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion or petition?

    Yes ❑   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑     No ❑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

state trial court?

Yes ❑     No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑     No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑     No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑     No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

> (1) If you appealed from the judgment of conviction, did you raise this issue?
>
> > Yes ❑  No ❑
>
> (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

state trial court?                Yes ❑   No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

   Yes ❑   No ❑

(4) Did you appeal from the denial of your motion or petition?

   Yes ❑   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏    No ❏

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

    _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?        Yes ❏ No ❏

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion or petition?

        Yes ❏    No ❏

    (4) Did you appeal from the denial of your motion or petition?

        Yes ❏    No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest

state court having jurisdiction?        Yes ❑    No ❑

If your answer is "No," state which grounds have not been so presented and give your

reason(s) for not presenting them: _____

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal

court?  If so, which ground or grounds have not been presented, and state your reasons for

not presenting them: _____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding

the conviction that you challenge in this petition?        Yes ❑    No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ❑     No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?                Yes ❑   No ❑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ❑  No ❑

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(continued…)

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

---

*(…continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *