**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IRA B. HARRIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:17-CV-02562-NCC** |
| | ) | |
| **TROY STEELE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Compel Resolution of the Present Case (Doc. 44). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 11). For the following reasons, the Court will **DENY** Petitioner's Motion and **DIRECT** Respondent to provide the Court with supplemental briefing.

### I. Background

On April 25, 1991, Petitioner was convicted by a jury in the Circuit Court of St. Louis County of six counts of Robbery in the First Degree, three counts of Armed Criminal Action, and one count of Assault in the First Degree. *See State v. Harris*, Case No. 811-03995 (22nd Judicial Circuit, St. Louis City). The Circuit Court sentenced Petitioner on June 7, 1991 to life for each count of Robbery, forty years for each count of Armed Criminal Action, and thirty years on the single count of Assault with all of the sentences to run concurrently. *Id.* In 2001, Petitioner was charged with assaulting a Department of Corrections Officer. *See State v. Harris*, Case No. 01CR169929 (13th Judicial Circuit, Callaway County). According to Petitioner's psychiatric records, Petitioner allegedly assaulted a corrections officer on July 16, 2001, while Petitioner was a patient and receiving treatment at Biggs Correctional Treatment Unit. *See Harris v.*

*Dwyer*, Case No. 05MI-CV00590 (33rd Judicial Circuit, Mississippi County). From July 9, 2002

to July 12, 2002, Petitioner was admitted to the Biggs Forensic Center of Fulton State Hospital

for the purpose of a pretrial psychiatric evaluation. *See id.* In the psychiatric evaluation, Dr.

Jerome Peters found Petitioner to possess "the requisite understanding of the legal proceedings"

and that "there is not present indication that he could not cooperate effectively with his attorney"

(Doc. 2 at 2-11). However, Dr. Peters also determined that "there is evidence to suggest that at

the time of the alleged offense [Petitioner] was suffering from a mental disease or defect that

would preclude his responsibility for the alleged criminal action" (*Id.* at 10). Petitioner's

discharge summary indicates that on October 21, 2002, Petitioner pleaded not guilty by reason of

mental disease or defect to the charge. *See Harris*, Case No. 05MI-CV00590. The Circuit Court

of Calloway County found Petitioner not guilty and committed him to the Director of the

Department of Mental Health. *Id.* The Sentence and Judgment indicates that Petitioner was

determined "not competent to proceed" (Doc. 24-3 at 91). On October 24, 2002, Petitioner was

admitted to Biggs Forensic Center of the Fulton State Hospital (Doc. 24-3 at 57 (Admission

Summary)). On November 7, 2002, Petitioner was discharged from the Center for reportedly

threating physical harm to the team leader. *See Harris*, Case No. 05MI-CV00590. The

discharge summary notes that "Mr. Harris was taking his medications as prescribed and is not

psychotic at this time." *Id.* On January 29, 2003, Richard N. Gowdy, PhD, Director of Forensic

Services, Missouri Department of Mental Health, sent a memorandum to Mariann B. Atwell,

PsyD, Chief of Behavior Health Services, Department of Corrections, requesting an appropriate

detainer be placed in Petitioner's file indicating that Petitioner was committed to the Department

of Mental Health in October 2002 and would need to be returned to the Department of Mental

Health upon any release from the Department of Corrections (Doc. 24-3 at 89).

On July 6, 2005, Petitioner filed a Petition for "Habeas Corpus Under 28 U.S.C. § 2254" in federal court alleging that, in violation of his constitutional rights under the Eighth and Fourteenth Amendments, two weeks after being admitted at Fulton State Hospital pursuant to the Calloway County 2002 order, he was transported to the Department of Corrections. *Harris v. Dwyer*, No. 4:05-cv-01086-JCH (E.D. Mo. 2005). On July 15, 2005, the Court dismissed Petitioner's case, finding he had not properly exhausted his available state remedies. *See id.* On August 3, 2005, Petitioner filed a State Habeas Corpus under Rule 91 in which Petitioner requested return to Fulton State Hospital pursuant to the order entered in his 2002 case. *See Harris v. Dwyer*, Case No. 05MI-CV00590 (33rd Judicial Circuit, Mississippi County). On September 2, 2005, Petitioner's Habeas Corpus under Rule 91 was denied (*Id.*). Petitioner appealed and the Appellate Court for the Southern District of Missouri denied his appeal on February 1, 2006. *Harris v. Dwyer,* Case No. SD27415 (Mo. Ct. App. 2006). The Court is unaware of any additional federal or state case, save the current one, raising these issues. Of note, in the current record before the Court, Petitioner was subsequently transferred to, and received treatment at, the Fulton State Hospital on four occasions: May 9, 2006 to May 30, 2006; April 11, 2007 to May 25, 2007; July 9, 2007 to August 22, 2007; and January 15, 2008 to January 16, 2008 (Doc. 24-3 at 67-68, 93-106).

On October 17, 2017, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). The Honorable Jean C. Hamilton denied and dismissed Petitioner's claims related to his 1991 conviction and sentence as successive in light of Petitioner's prior section 2254 petition for writ of habeas corpus, *Harris v. Dormire,* No. 4:96-CV-2069 DJS (E.D. Mo.) (Doc. 7). Judge Hamilton, however, afforded Petitioner additional time to amend his petition to address claims relating to his 2002 plea (*Id.*). Judge Hamilton directed Petitioner to include in his amended application, " exactly what grounds he is

challenging in relation to the 2002 order committing him to the custody of the Department of Mental Health.  In other words, petitioner must state whether he is challenging the denial of conditional or unconditional release, or whether he is challenging his commitment in the prison system instead of the Department of Mental Health" (*Id.*).  On December 6, 2017, Petitioner filed an amended Petition asserting that his confinement in the Missouri Department of Corrections instead of the Missouri Department of Mental Health is contrary to Missouri law (Doc. 9).  He also asserts that he should be transferred to the Missouri Department of Mental Health because his mental health treatment has been neglected during his time in the Missouri Department of Corrections (*Id.*).

## II. Discussion

An individual committed to a state institution as the result of an insanity acquittal who claims to have been restored to sanity may file a writ of habeas corpus to secure his release in federal court pursuant to 28 U.S.C. § 2254.  *Revels v. Sanders*, 519 F.3d 734, 740 (8th Cir. 2008) ("[C]ommitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.").  "In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  Therefore, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Under Missouri law, an individual committed as a result of an insanity acquittal may petition the state court for either conditional or unconditional release from the custody of the Department of

Mental Health. The precise procedures are contained in Missouri Revised Statute section 552.040.

Upon careful review of the briefings, Petitioner does not appear to seek either conditional or unconditional release from his commitment. Instead, Petitioner apparently seeks to return to the custody of the Department of Mental Health. The Court finds Respondent's classification as a transfer of Petitioner's 2002 discharge back to Department of Corrections' custody not to be currently supported by the record before the Court (*See* Doc. 24 at 4). Indeed, it is not clear from the briefing or exhibits if Petitioner was properly released from the custody of the Department of Mental Health pursuant to the statutory scheme. Furthermore, Respondent has not provided the Court with relevant case documents, specifically Petitioner's 2002 Calloway County case, or other supporting information including the exact nature of Petitioner's release, if any, from his Department of Mental Health custody. Although Petitioner may not have properly exhausted his claims in state court or timely filed the current case, the Court is concerned that Petitioner is either not receiving necessary mental health treatment as directed by the Calloway County Circuit Court or is facing an indefinite detainer on his record when he has, in fact, already been properly released from the Department of Mental Health. Regardless, the Court cannot determine the appropriate course of action without more information.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Compel Resolution of the Present Case (Doc. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent shall file a Supplemental Response to Show Cause Order and any necessary exhibits in support within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that, if Petitioner chooses to file a reply to Respondent's Supplemental Response to Show Cause Order, the reply must be filed within sixty (60) days of the date the Supplemental Response to Show Cause Order is filed. If Petitioner fails to timely file a reply, the right to file such a reply must be waived. *See* Rule 5(e) of the Rules Governing § 2254 Cases.

Dated this 10th day of May, 2019.

   /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE
