UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRA B. HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 4:17-CV-02562-NCC |
| | ) |
| EILEEN RAMEY,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 9).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 11).  For the reasons discussed below, the Amended Petition will be **DENIED** and the case will be **DISMISSED**.

### I. Background

On April 25, 1991, Petitioner was convicted by a jury in the Circuit Court of St. Louis County of six counts of Robbery in the First Degree, three counts of Armed Criminal Action, and one count of Assault in the First Degree.  *See State v. Harris*, Case No. 811-03995 (22nd Judicial Circuit, St. Louis City).  The Circuit Court sentenced Petitioner on June 7, 1991, to life for each count of Robbery, forty years for each count of Armed Criminal Action, and thirty years on the single count of Assault, the sentences to run concurrently.  *Id.*  In 2001, Petitioner was charged with assaulting a Department of Corrections Officer.  *See State v. Harris*, Case No. 01CR169929 (13th Judicial Circuit, Callaway County).  Petitioner allegedly assaulted a corrections officer on

---

[1] Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri (*See* Doc. 89).  Eileen Ramey is the Warden and proper party respondent.  *See* 28 U.S.C. § 2254, Rule 2(a).

July 16, 2001, while Petitioner was a patient and receiving treatment at Biggs Forensic Center. *Id.*

From July 9, 2002 to July 12, 2002, Petitioner was admitted to the Biggs Forensic Center of Fulton State Hospital for the purpose of a pretrial psychiatric evaluation. *See Harris v. Dwyer*, Case No. 05MI-CV00590 (33rd Judicial Circuit, Mississippi County). In the psychiatric evaluation, Dr. Jerome Peters found Petitioner to possess "the requisite understanding of the legal proceedings" and that "there is not present indication that he could not cooperate effectively with his attorney" (Doc. 2 at 2-11).[2] However, Dr. Peters also determined that "there is evidence to suggest that at the time of the alleged offense [Petitioner] was suffering from a mental disease or defect that would preclude his responsibility for the alleged criminal action" (*Id.* at 10). On October 21, 2002, Petitioner pleaded not guilty by reason of mental disease or defect to the charge. *Harris*, Case No. 01CR169929. The Circuit Court of Callaway County found Petitioner not guilty and committed him to the custody of the Director of the Department of Mental Health. *Id.* The Sentence and Judgment indicates that Petitioner was determined "not competent to proceed" (Doc. 24-3 at 91). On October 24, 2002, Petitioner was admitted to Biggs Forensic Center of Fulton State Hospital (Doc. 24-3 at 57 (Admission Summary)). On November 7, 2002, Petitioner was discharged from the Center for reportedly threating physical harm to the team leader. *See Harris*, Case No. 05MI-CV00590. The discharge summary notes that "Mr. Harris was taking his medications as prescribed and is not psychotic at this time." *Id.* On January 29, 2003, Richard N. Gowdy, PhD, Director of Forensic Services, Missouri Department of Mental Health, sent a memorandum to Mariann B. Atwell, PsyD, Chief of Behavior Health Services, Department of Corrections, requesting an appropriate detainer be

---

[2] While these miscellaneous exhibits were initially filed in conjunction with Petitioner's original Petition and not subsequently refiled, in an abundance of caution, the Court will consider the material.

-2-

placed in Petitioner's file indicating that Petitioner was committed to the Department of Mental Health in October 2002 and would need to be returned to the Department of Mental Health upon any release from the Department of Corrections (Doc. 9-1 at 2; Doc. 24-3 at 89; Doc. 78 at 21-22).

On July 6, 2005, Petitioner filed a Petition for "Habeas Corpus Under 28 U.S.C. § 2254" in federal court alleging that, in violation of his constitutional rights under the Eighth and Fourteenth Amendments, two weeks after being admitted at Fulton State Hospital pursuant to the Callaway County 2002 order, he was transported to the Department of Corrections. *Harris v. Dwyer*, No. 4:05-cv-01086-JCH (E.D. Mo. 2005). On July 15, 2005, the Court dismissed Petitioner's case, finding he had not properly exhausted his available state remedies. *See id.* On August 3, 2005, Petitioner filed a State Habeas Corpus under Rule 91 in which Petitioner requested return to Fulton State Hospital pursuant to the order entered in his 2002 case. *See Harris v. Dwyer*, Case No. 05MI-CV00590 (33rd Judicial Circuit, Mississippi County). On September 2, 2005, Petitioner's Habeas Corpus under Rule 91 was denied. *Id.* Petitioner appealed and the Appellate Court for the Southern District of Missouri denied his appeal on February 1, 2006. *Harris v. Dwyer,* Case No. SD27415 (Mo. Ct. App. 2006). The Court is unaware of any additional federal or state cases, save the current one, raising these issues.[3] Of note, in the current record before the Court, Petitioner was subsequently transferred to, and received treatment at, the Fulton State Hospital on four occasions: May 9, 2006 to May 30, 2006; April 11, 2007 to May 25, 2007; July 9, 2007 to August 22, 2007; and January 15, 2008 to January 16, 2008 (Doc. 24-3 at 67-68, 93-106). Petitioner also received treatment within the Department of Corrections (Doc. 58 at 4 (detailing Petitioner's treatment since 2007)).

---

[3] Petitioner's civil rights action pursuant to 42 U.S.C. § 1983 regarding his medical care was resolved and closed upon a stipulation of dismissal of Petitioner's remaining claims on February 22, 2021. *Harris v. Kempker*, Case No. 1:15-CV-140-SNLJ (E.D. Mo.).

On October 17, 2017, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).  The Honorable Jean C. Hamilton denied and dismissed Petitioner's claims related to his 1991 conviction and sentence as successive in light of Petitioner's prior section 2254 petition for writ of habeas corpus, *Harris v. Dormire,* No. 4:96-CV-2069 DJS (E.D. Mo.) (Doc. 7).  Judge Hamilton, however, afforded Petitioner additional time to amend his petition to address claims relating to his 2002 plea (*Id.*).  Judge Hamilton directed Petitioner to include in his amended application, "exactly what grounds he is challenging in relation to the 2002 order committing him to the custody of the Department of Mental Health.  In other words, petitioner must state whether he is challenging the denial of conditional or unconditional release, or whether he is challenging his commitment in the prison system instead of the Department of Mental Health" (*Id.*).  On December 6, 2017, Petitioner filed an Amended Petition asserting that his confinement in the Missouri Department of Corrections instead of the Missouri Department of Mental Health is contrary to Missouri law (Doc. 9).  He also asserts that he should be transferred to the Missouri Department of Mental Health because his mental health treatment has been neglected during his time in the Missouri Department of Corrections (*Id.*).

On May 10, 2019, the undersigned expressed its concern that Petitioner is either not receiving necessary mental health treatment as directed by the Callaway County Circuit Court or is facing an indefinite detainer on his record when he has, in fact, already been properly released from the Department of Mental Health.  Accordingly, the Court directed the Respondent to file a Supplemental Response to Show Cause Order and any necessary exhibits in support.  After requesting and receiving extensions of time, Respondent timely filed his Supplemental Response to Court Order (Doc. 58).  In his response, Respondent failed to include any further information about the 2002 NGRI Callaway County case or its subsequent potential resolution.  However,

Respondent provided the Court with many of the same records previously filed as well as Petitioner's mental health record within the Department of Corrections (Doc. 58-4) and a two-page unsigned and undated memorandum regarding the provision of mental health services within the Department of Corrections (Doc. 58-5).  Petitioner has filed a reply to Respondent's Supplemental Response (Doc. 61).

The Court subsequently issued another show cause order directing Respondent to provide copies of the docket sheet and any relevant case filings from the 2001 Callaway County Circuit Court Case; (2) any and all documentation regarding the current status of Petitioner's commitment including but not limited to (a) the detainer apparently placed on Petitioner's file, (b) whether Petitioner has applied for either conditional or unconditional release and, if applicable, those case files, and (c) whether Petitioner has been conditionally or unconditionally released from his commitment; and (3) any and all documentation regarding his transfer from the custody of the Department of Mental Health to the custody of the Missouri Department of Corrections (Doc. 67).  Respondent filed the requested documents and, on August 27, 2020 Petitioner filed an additional reply brief (Docs. 70, 78, 86).  Of note and relevant to the current Petition, Respondent provided the Court with a complete copy of the Callaway County case and Petitioner has not filed a petition for release in the case (Doc. 78).[4]

## II. Discussion

An individual committed to a state institution as the result of an insanity acquittal who claims to have been restored to sanity may file a writ of habeas corpus to secure his release in federal court pursuant to 28 U.S.C. § 2254.  *Revels v. Sanders*, 519 F.3d 734, 740 (8th Cir. 2008)

---

[4] Petitioner did, however, file multiple letters and a Motion for Temporary Restraining Order (*See, e.g.,* Doc. 78 at 18-19, 54, 78-79) arguing that his transfer from the Department of Mental Health to the Department of Corrections violated the procedure for conditional release set out in Mo. Rev. Stat. § 552.040.2.

("[C]ommitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."). A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This requirement provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

The requirement that a petitioner exhaust his state remedies applies with equal force to a habeas challenge to state custody pursuant to civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (determining that a civilly committed sex offender had failed to

exhaust his state court remedies). In order to satisfy the requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002).

Under Missouri law during the relevant time period, "[u]pon the state's acceptance of the defense of mental disease or defect excluding responsibility, the court shall proceed to order the commitment of the accused as provided in section 552.040 in cases of persons acquitted on the ground of mental disease or defect excluding responsibility, and further proceedings shall be had regarding the confinement and release of the accused as provided in section 552.040." Mo. Rev. Stat. § 552.030.2.[5] When an accused enters a plea of not guilty on the ground of mental disease or defect excluding responsibility, the court shall order such person committed to the director of the department of mental health for custody. *Id.* The court shall also order custody and care in a state mental health facility or developmental disability facility unless an immediate conditional release is granted pursuant to this section. *Id.*

Any person committed shall be kept in a secure facility until such time as a court of competent jurisdiction enters an order granting a conditional or unconditional release to a nonsecure facility. Mo. Rev. Stat. § 522.040.4. A "secure facility" includes "a state mental health facility, state developmental disability facility, private facility under contract with the department of mental health, or a section within any of these facilities, in which persons committed to the department of mental health pursuant to this chapter, shall not be permitted to move about the facility or section of the facility . . . ." Mo. Rev. Stat. § 552.040.1(2). "[T]he director of the department of mental health, or the director's designee, shall determine the time,

---

[5] All citations to the Missouri Revised Statute are to the versions effective to August 27, 2011 unless otherwise noted.

place and conditions of confinement." Mo. Rev. Stat. § 552.040.2.  An individual committed as a result of an insanity acquittal may petition the state court for either conditional or unconditional release from the custody of the Department of Mental Health.  Mo. Rev. Stat. § 552.040.3- § 552.040.14.  Thus, in Missouri, to exhaust state court remedies, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040.  *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991).  Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals.  *Id.*

Upon careful review of the briefings and associated exhibits, Petitioner does not appear to seek either conditional or unconditional release from his commitment resulting from his October 21, 2002 plea of not guilty by reason of mental disease or defect.  Instead, Petitioner apparently seeks to return to the custody of the Department of Mental Health and, more specifically, to the care of the Fulton State Hospital for mental health treatment.  However, while Petitioner is not confined to the Fulton State Hospital and is in the legal custody of the Department of Corrections, the Department of Mental Health has not released Petitioner but, instead, has permissibly transferred him to the Department of Corrects where Petitioner continues to receive mental health treatment.  The nature or extent of the treatment Petitioner's receives while in the custody of the Department of Corrections is not properly raised in a petition for habeas relief. *See Prieser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (conditions of confinement claim not cognizable in habeas proceeding and must be brought under 42 U.S.C. § 1983).  Indeed, Petitioner has already brought many of these same issues regarding the nature and extent of his mental health care before this Court in a separate section 1983 action, *Harris v. Kempker*, Case No. 1:15-CV-140-SNLJ (E.D. Mo.).  To the extent that Petitioner may be seeking conditional or unconditional release from commitment, Petitioner has not demonstrated that he has exhausted his state court remedies before filing this action.  He has not applied for release under Mo. Rev.

-8-

Stat. § 552.040, or filed an appeal from the denial of that request. Respondent states that he has not been able to locate any documents related to any petition by Petitioner for conditional or unconditional release (Doc. 70 at 3) and Petitioner has also not claimed that he has applied for such release. Because there is no indication that Petitioner has exhausted his state remedies as it relates to Petitioner's claim regarding his release from custody from the Department of Mental Health and his other claims appear non-cognizable, the Petition must be denied, without prejudice, as to his nonexhausted claims and denied, with prejudice as to the noncognizable claims and the case dismissed.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED, without prejudice** as to Petitioner's nonexhausted claim and in all other respects **DENIED, with prejudice** and this action is **DISMISSED**. A separate order of dismissal will be entered concurrently.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued. 28 U.S.C. § 2253.

Dated this 3rd day of March, 2021.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE